UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL UNION NO. 808 IRON
WORKERS PENSION & ANNUITY FUND,

        **Plaintiff,**

v.                                            Case No: 6:13-cv-1213-Orl-22KRS

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND,

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Defendant Fidelity and Deposit Company of Maryland's ("Defendant") Motion to Dismiss for Failure to State a Claim. (Doc. No. 6). Plaintiff Local Union No. 808 Iron Workers Pension & Annuity Fund ("Plaintiff") responded. (Doc. No. 26). The Court will deny Defendant's Motion to Dismiss based on the reasoning provided herein.

### I. BACKGROUND

Plaintiff is an annuity fund which is administered and deposited in Orange County, Florida. (Doc. No. 2 at ¶ 3). During the time period relevant to this case, Plaintiff states that Advanced Administration, Inc. ("AAI") independently administered the annuity fund. (*Id.* at ¶ 5). Plaintiff alleges that sometime between "September 9, 2010, and November 22, 2011, an employee of [AAI] stole approximately $406,997.08" from the fund. (*Id.* at ¶ 6).

In March 2007, Plaintiff purchased a theft coverage insurance policy from Defendant through Defendant's agent, Phillip Edward Zelman. (*Id*. at ¶¶ 20-21). At the time, Zelman was an employee of Valdez & Zelman Associates, Inc. d/b/a NCF Insurance Associates ("NCF"). (*Id*.

at ¶ 27). The original insurance policy provided coverage from June 1, 2007, to June 1, 2010. (Doc. No. 2-1 at p. 2). However, there appears to be a second policy that provided coverage from June 1, 2010, to June 1, 2013. (*See* Doc. No. 26-1 at p. 47). This second policy was attached to the original complaint in state court, but for whatever reason was not attached to the removed complaint in this Court.[1]

In the Complaint, Plaintiff asserts five separate Counts under Florida law: Count I is a request for declaratory relief against Defendant; Count II is a breach of contract claim against Defendant; Count III is a negligence claim against Zelman and NCF; Count IV is a vicarious liability claim against Defendant based on Count III; and Count V is a reformation claim against Defendant. (*See* Doc No. 2). On August 9, 2013, Defendant removed the case to this Court, invoking diversity jurisdiction. (Doc. No. 1).

## II.  LEGAL STANDARD

When deciding a motion to dismiss based on a failure to state a claim upon which relief can be granted, the court must accept as true the factual allegations in the complaint and draw all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam) (citation omitted).

According to *Federal Rule of Civil Procedure* 8(a)(2), to state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974

---

1 It is not entirely clear to the Court why this policy did not appear as an attachment to the Complaint. Plaintiff states that Defendant "did not file the Complaint with its complete Exhibit 1, which totaled 79 pages." (Doc. No. 26 at p. 6). Indeed, the attachments to the Complaint filed in this Court only consist of 32 pages. (*See* Doc. No. 2-1). Interestingly, Defendant does not even address the missing documents and proceeds as if they do not exist.

(2007)). In other words, the allegations in the complaint need to be sufficient "to 'raise a right to relief above the speculative level' on the assumption that all the allegations in the complaint are true." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing *Twombly*, 127 S.Ct. at 1965). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

## III. DISCUSSION

Initially, the Court notes that in Plaintiff's Response to Defendant's Motion to Dismiss (Doc. No. 26), Plaintiff indicates that it will voluntarily dismiss Counts III and IV of the Complaint. The Court will dismiss those claims without prejudice. The Court addresses Defendant's remaining arguments in turn.

*A. Do Allegations in the Complaint Contradict Express Language of the Policy?*

First, Defendant argues that Counts I and II of the Complaint must be dismissed because the allegations contained therein contradict the "clear and express language of the policy" attached to the Complaint. (Doc. No. 6 at p. 3). For support, Defendant relies on *In re Northlake Foods, Inc.*, 715 F.3d 1251, 1257 (11th Cir. 2013) (citations omitted), for the proposition that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Defendant argues that the explicit language of the policy attached to the complaint excludes recovery from thefts by an independent contractor. (*See* Doc. No. 12 at pp. 3-6). However, as noted above, the complete "Exhibit 1" was not attached to the Complaint when the case was removed to this Court. These missing documents include the application of insurance for the first policy, the second insurance policy (with a policy period from June 1, 2010 to June, 1, 2013), and the application of insurance for the second policy. (*See* Doc. No. 26-1). Therefore, Defendant's reliance on *In re Northlake* is not persuasive because Defendant does not address

the entirety of the exhibits. In the same vein, the Court also rejects Defendant's argument that "it is temporally impossible" for Plaintiff to discover the allege thefts before they occurred because the thefts would clearly be within the coverage period of the second policy, if applicable. In light of these facts, the Court finds that the arguments raised may more appropriately be addressed at the summary judgment stage, after discovery has occurred in this case.

### B. *Plaintiff Has Plead All Required Elements for a Breach of Contract Claim*

Under Florida law, to state a claim for breach of contract, a plaintiff must allege "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006). Here, Plaintiff has alleged that Defendant entered into an insurance contract with Plaintiff "which was in effect during the time the . . . thefts took place" (Doc. No. 2 at ¶ 7), that Defendant breached the contract by not reimbursing the insured (*id.* at ¶¶ 8, 10, 16), which caused damages "including, but not limited to, the amount of the thefts." (*Id.* at ¶ 18). As the complaint must be read in the light most favorable to the Plaintiff, the Court finds that Plaintiff has alleged the elements necessary for stating a claim for breach of contract. Of course, this is not to say that Plaintiff can prove those allegations; rather, the Court merely states that the allegations are sufficient to survive a motion to dismiss.

### C. *Count I Will Proceed Alongside Count II*

In Count I of the Complaint, Plaintiff sues Defendant for declaratory relief under the Florida Declaratory Judgment Act, Fla. Stat. §§ 86.011 *et seq.* (Doc. No. 2 at ¶ 1). Plaintiff asks the Court to "clarify Plaintiff's rights regarding the policy issued by [Defendant]." (*Id.* at ¶ 14). Before addressing Defendant's argument on this issue, the Court must clarify the nature of this claim.

"Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *See Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09–cv–1711–Orl–31DAB, 2009 WL 4899402, at *2 (M.D. Fla. Dec. 11, 2009) (Presnell, J.) (citing *Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 589 F.Supp.2d 1336, 1335 n.1 (S.D. Fla. 2008) (construing claim based on Florida's Declaratory Judgment Act as arising under 28 U.S.C. § 2201)); *see also Isola Condominium Association, Inc. v. QBE Insurance Corp.*, No. 08–21592–CIV, 2008 WL 5169458, at n.1 (S.D. Fla. Dec. 8, 2008) (considering the viability of a claim for declaratory judgment under the federal Declaratory Judgment Act even though the claim was originally filed, prior to removal, pursuant to Florida's declaratory judgment statute because this statute is a procedural mechanism that confers no substantive rights). Because Florida's procedural rules are inapplicable in this action, *see generally Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Court, hearing this case following removal and based upon its diversity jurisdiction, will consider the viability of Count I under the federal Declaratory Judgment Act.[2]

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," as long as there is an actual controversy. 28 U.S.C. § 2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act . . . ." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). Because the decision to hear a

---

2 "As a practical matter, however, the elements required under the federal or state declaratory judgment acts are not materially different." *Nirvana,* 589 F.Supp.2d at 1335 n.1.

declaratory claim is discretionary, some courts dismiss claims for declaratory relief where the plaintiff alleges a parallel breach of contract claim, while others allow the declaratory claim to travel with the breach of contract claim. *See Kenneth F. Hackett & Associates, Inc. v. GE Capital Information Tech. Solutions, Inc.*, 744 F.Supp.2d 1305, 1310 (S.D. Fla. 2010) (comparing cases).

Defendant asks this Court to dismiss Count I of the Complaint for declaratory relief because it is redundant to Plaintiff's claim for breach of contract. In this case, the Court finds that redundancy alone is not grounds for dismissal under Rule 12(b)(6) for failure to state a claim. *See In re RCK Modular Homes Sys., Inc.*, 363 B.R. 29, 31 (D.N.H. 2007). Upon review, the Court need not conclude whether or not Count I is subsumed by the breach of contract claim in Count II because the Court is persuaded to not yet dismiss the claim. In reaching this conclusion, the Court notes that there is no additional burden to Defendant in defending both claims. Since the breach-of-contract claim will proceed, discovery will occur in this case. If Plaintiff is correct that the declaratory claim is subsumed by the breach-of-contract claim, there will be no additional discovery burdens as a result of the presence of the other claim. Further, this issue may better be addressed at the summary judgment stage, after discovery is completed. Defendant's motion to dismiss Count I as redundant is denied.

### D. Plaintiff's Reformation Claim

First, the Court addresses Defendant's argument that Counts I and II should be dismissed because of Plaintiff's "admission" in Count V that the insurance policy does not cover thefts by employees of AAI. (Doc. No. 6 at p. 13 n.3). The basis of this argument is that "Count V is not expressly pled as an alternative theory of recovery." (*Id.*). However, the *Federal Rules of Civil Procedure* are not so demanding. In fact, the Rules explicitly permit a Plaintiff to plead claims in

the alternative. *See* Fed. R. Civ. P. 8(d);[3] *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims."). A party does not need to use any "special language" or unequivocally state that it is pleading in the alternative; it only must be "'reasonably inferred that this is what [it was] doing.'" *G–I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 536 (S.D.N.Y. 2002) (alteration in original) (quoting *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000)). If any inconsistencies exist, they can be dealt with at summary judgment or through jury instructions. *See Formula LLC v. RSUI Indem. Co.,* No. 09–60592–CIV, 2009 WL 2342455, at *3 (S.D. Fla. July 28, 2009).

As to Defendant's substantive argument that Plaintiff does not allege facts to support a claim for reformation, the Court does not agree. The Court again reiterates that Defendant appears to have not even considered the missing documents from the state court complaint. (*See supra* Part III.A.). Additionally, the one case Defendant relies on, *Jacobs v. Parodi*, 50 Fla. 541, 39 So. 833 (Fla. 1905), states:

> Where an agreement has been actually entered into, but the contract, deed, or other instrument in its written form does not express what was really intended by the parties thereto, equity has jurisdiction to reform the written instrument so as to conform to the intention, agreement, and understanding of all the parties.
>
> Where parties have made an agreement, and the scrivener by mistake failed to express it in apt words and terms, equity will reform the writing to make it

---

3 Rule 8(d) reads in full:

> (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
> (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
> (2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, *either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.*
> (3) Inconsistent Claims or Defenses. *A party may state as many separate claims or defenses as it has, regardless of consistency.*

(emphasis added).

conform to the agreement previously entered into between the parties. (citations omitted).

Therefore, to state a claim for reformation of a contract under Florida law, the Complaint must allege that, "as a result of a mutual mistake or a unilateral mistake by one party coupled with the inequitable conduct of the other party, the insurance contract fails to express the agreement of the parties." *Romo v. Amedex Ins. Co.*, 930 So.2d 643, 649 (Fla. 3rd DCA 2006). Plaintiff alleges that it "intended and desired to have coverage through [Defendant] to pay for thefts by its independent contractor's employees" (Doc. No. 2 at ¶ 23); that Plaintiff "reasonably believed when it purchased the Policy that it had coverage for claims such as thefts" by AAI's employee (*id.* at ¶ 24); that had Defendant provided the coverage requested, then the policy would have provided Plaintiff coverage for the thefts (*id.* at ¶ 41); that the failure to procure coverage for the thefts and Plaintiff's failure to obtain that coverage was a mutual mistake of fact (*id.* at ¶ 42); and that as a result, Defendant failed to provide the appropriate coverage. (*Id.* at 43). Despite Defendant's arguments to the contrary, Plaintiff has sufficiently pled a cause of action for reformation.

## IV. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Defendant Fidelity and Deposit Company of Maryland's Motion to Dismiss for Failure to State a Claim (Doc. No. 6), filed on August 13, 2013, is **DENIED**.

2. Counts III and IV of Plaintiff's Complaint (Doc. No. 2) are **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on December 24, 2013.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties